# Ex Parte Lippitt.

## Application for a Writ of *Certiorari.*

### No. 24.—Decided March 13, 1907.

Demand and Delivery of Personal Property.—A plaintiff desiring to obtain the delivery of personal property must present a written statement duly sworn to, setting forth all the matters referred to in section 171 of the Code of Civil Procedure, one of which is the true value of the property claimed, and execute a bond in favor of the defendant signed by two or more sufficient sureties in an amount equal to twice the stated value of such property.

Id.—Certiorari—Property Claimed by a Third Party—Ordinary, Speedy and Effective Remedy.—In this case the sworn statement referred to by section 171 of the Code of Civil Procedure has not been presented, nor do the reasons appear upon which the court based its action in fixing the bond to be executed by the plaintiff, and as the petitioner is not a party to the action and has been deprived of his property by an illegal proceeding and has no other remedy than that afforded him by section 180 of the said Code, which is not adequate to correct the irregularities of the proceeding or to secure the annulment thereof, and which is not effective in this case, because it may be stayed by the plaintiff in the exercise of the right provided for under that section, the writ of *certiorari* will issue, and the property of which the petitioner has been illegally deprived should be ordered to be restored to him.

The facts are stated in the opinion.

*Mr. Coll y Cuchi* for petitioner.

Mr. Chief Justice Quiñones delivered the opinion of the court.

Victor Millin Taforó filed a complaint in the Municipal Court of San Juan against Guillermo Andrés, for the recovery of a horse belonging to him which he alleged was in the possession of the defendant, and, furthermore, the sum of $60 as damages for its detention. He also prayed the municipal court, by affidavit made in accordance with the provisions of section 171 of the Code of Civil Procedure, that the horse in question be delivered to him, in custody, after the approval of the proper undertaking. The municipal court granted the petition, the plaintiff to furnish bond in the sum of $160, but from the original record it appears that such delivery was not made, the order of the municipal court with reference thereto thus remaining unexecuted. The trial having been held in the municipal court, the latter rendered judgment on November 3 last dismissing the complaint, and an appeal having been taken from this judgment to the District Court of San Juan the original record was transmitted to it.

On December 7, 1906, counsel for the plaintiff presented a petition to the District Court of San Juan, stàting that the defendant had died and, as it was necessary to summon his heirs for trial, whose residence was unknown, the proceedings upon the aforesaid appeal in said court would be protracted; and as Dr. Lippitt, who had possession of the horse, the subject matter of the proceedings, was working him daily, so much so that he had greatly depreciated in value, he prayed the court that, to put an end to such state of affairs, it direct the said horse to be delivered into the custody of the petitioner pending the decision of the court after trial, and for this purpose it issue a writ to the marshal directing him to take possession of the horse after procuring it from Dr. Lippitt; and that he then deliver it to plaintiff, as prayed.

The court assented to the request that the marshal take possession of the horse claimed, an undertaking to be furnished in the sum of $30. Such undertaking having been furnished and approved by the judge of said court, the proper writ issued to the marshal for the execution of the order, which was done on the same date, December 18, 1906, when the horse was taken by the marshal from Dr. Lippitt and delivered to the plaintiff in custody.

On the same day, December 18, 1906, Attorney Coll y Cuchí appeared in the District Court of San Juan on behalf of Dr. W. F. Lippitt and made a motion to set aside the order of the court directing the delivery of the horse and that it be ordered returned to the petitioner, alleging that Dr. Lippitt was not a party to said suit, nor did he have any knowledge of the proceedings in which such order was made, and that notice of the petition had been served on any one, in accordance with the law.

After the motion had been argued by the parties, the District Court of San Juan made an order sustaining its original decision as to the delivery of the horse into the custody of the plaintiff, upon the same bond he had furnished in favor of the defendants.

On December 26, 1906, Attorney Coll y Cuchí filed an application in this court on behalf of Dr. Lippitt for a writ of *certiorari* requiring the District Court of San Juan to transmit to it the original records relating to the case pending therein between Víctor Millín Taforó and Guillermo Andrés, so that this court might review the proceedings had in said case with regard to the delivery in custody of said horse, and decide the matter in accordance with the law. The writ having issued and the record having been received, a hearing was had in this court, without the attendance of the parties.

There is no doubt that the proceedings prosecuted in the District Court of San Juan by counsel for the plaintiff for the delivery and retention in custody of the horse, the subject matter of these proceedings, have not conformed in any

respect to the provisions of section 171 *et seq.* of the Code of Civil Procedure, which refer to the recovery of personal property in litigation. According to the provisions of these sections a plaintiff desiring to obtain the delivery of such property, or someone in his behalf, must make an affidavit setting forth all the details prescribed in said sections, one of which is the actual value of the property, and a written undertaking must be executed by two or more sufficient sureties to the effect that they are bound to the defendant in an amount equal to twice the value of the property, as stated in the affidavit for the prosecution of the action. Such affidavit has not been made by the plaintiff, nor by any other person, nor does the reason appear which the district court may have had in fixing the sum of $30 as the bond to be furnished by the plaintiff in favor of the defendant, thus fixing the value of said horse at $15.

The petitioner in this case has therefore been deprived of the possession and use of a horse by an illegal proceeding, and he has no other ordinary, adequate and effectual remedy against it whereby the errors committed could be corrected and the horse returned to his possession, because, although it is true that section 180 of the Code of Civil Procedure affords him, within the same procedure, the remedy of making an affidavit with the requisites prescribed by said article to obtain the suspension of the deposit, we understand that neither is this remedy adequate to correct the irregularities committed in the proceedings and obtain their annulment, which is the purpose of a writ of *certiorari,* nor is it effectual inasmuch as it may be counteracted by the plaintiff, exercising in his turn the right which said section grants him of giving the marshal executing the order a guarantee against the claims of third persons by an undertaking with two sufficient sureties.

For the above reasons we believe that, as the requirements of the law have not been complied with, all the proceedings had in the District Court of San Juan and prosecuted by

the plaintiff, Victor Millin Taforo, to obtain the delivery of the horse in question should be declared null and void, and consequently that the horse should be ordered returned to Dr. W. F. Lippitt, in whose possession it was when seized, with the costs of the proceedings annulled against the plaintiff.

*Accordingly decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.